UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

Dott Acquisition, LLC,

                        Debtor.

_____/

K. Jin Lim, Trustee,
               Plaintiff,

v.

Confidence Tool and Mould Design, Inc.,
               Defendant.

_____/

Case No. 10-72255-R
Chapter 7
Hon. Steven Rhodes

Adv. No. 12-06192

## OPINION DISMISSING TRUSTEE'S AMENDED COMPLAINT

The trustee filed this adversary proceeding for recovery of money pursuant to 11 U.S.C.

§ 549 on December 20, 2012. The trustee's complaint alleges the following facts:

Defendant Confidence Tool and Mould Design, Inc. (CTMD) provided goods and services

to TTOD and later the debtor in the years 2007-2009. On October 17, 2008, the debtor purchased

all assets of TTOD and assumed all contracts and liabilities of TTOD.

On December 2, 2009, CTMD brought a lawsuit against TTOD in Lapeer County Circuit

Court for breach of contract. On January 14, 2010, TTOD filed a cross-complaint against the debtor

seeking to have the debtor held responsible for the debts due to the terms of the closing agreement.

On July 15, 2010, TTOD seized all assets of the debtor and has continued to operate the

debtor's business.

An involuntary petition was filed against the debtor on October 21, 2010. An order for relief

was entered on November 3, 2010.[1]

On November 30, 2010, CTMD and TTOD entered into a settlement agreement whereby TTOD would pay $90,000 to CTMD in 12 monthly installments beginning January 1, 2011.

The complaint asserts that "In adhering to the terms of the settlement, TTOD effectively transferred assets of the Debtor to the Defendant." The complaint requests avoidance of the settlement payments pursuant to § 549 and recovery of the funds pursuant to § 550(a).

On February 15, 2013, CTMD filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) or, in the alternative, a motion for summary judgment. The Court entered the parties' stipulation allowing the trustee until May 13, 2013, to file an amended complaint.

The trustee filed an amended complaint on May 13, 2013. CTMD filed a motion to dismiss the amended complaint and for sanctions on June 6, 2013. The trustee responded to the motion to dismiss and motion for sanctions on June 25, 2013. The Court has determined that its decision making process would not be aided by a hearing, and now issues this opinion.

## I.

A motion under Rule 12(b)(6) tests the "sufficiency of [a] complaint." *Conley v. Gibson*, 355 U.S. 41, 45, 78 S. Ct. 99 (1957). A court must examine the plaintiff's allegations and determine whether, as a matter of law, "the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993). "[A] court considering a motion to dismiss under Rule 12(b)(6) 'must accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff.'" *Benzon*

---

1. The amended complaint lists an incorrect date for the order for relief, which was actually entered on November 23, 2010.

2

*v. Morgan Stanley Distribs., Inc.*, 420 F.3d 598, 605 (6th Cir. 2005) (citations omitted).

In two cases, the Supreme Court refined the rules regarding the sufficiency of a complaint. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), the Supreme Court rejected "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 561, 127 S. Ct. 1955 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)). The Court explained:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]

*Id*. at 555-56, 127 S. Ct. 1955 (emphasis added) (citations and footnote omitted). The Court went on to hold that:

> stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest [grounds for relief]. Asking for plausible grounds to infer [a right to relief] does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [an entitlement to relief]. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely."

*Id*. at 556, 127 S. Ct. 1955 (citation and footnote omitted).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), the Supreme Court further

3

explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" ) . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

129 S. Ct. at 1949-50 (citations omitted).

## II.

In the present case, CTMD asserts that the trustee's § 549 amended complaint does not contain any new or additional facts or legal support. CTMD notes that TTOD is not one of the other names used by DOTT and that TTOD and DOTT were adverse parties represented by separate counsel in the litigation which led to the settlement and the transfer of funds in question.

The trustee's brief asserts that "property of the estate includes property of an alter-ego." However, trustee's complaint only makes the barest of allegations which might possibly assert an alter ego argument. Paragraph 12 asserts that "TTOD seized all assets of the debtor and has continued to operate the debtor's business." Paragraph 19 states "all payments made by TTOD to the defendant were made from property of the Debtor's bankruptcy estate." Paragraph 20 states

4

"Property of the Debtor's estate was transferred to the Defendant subsequent to the Debtor's bankruptcy being filed."

Although the trustee's brief in response to the motion to dismiss asserts an alter ego claim as an attempt to connect the transaction at issue to property of the estate, the complaint lacks any allegation of facts linking the transaction in question to the debtor's assets. Arguments made in a brief are simply not sufficient to avoid dismissal when the complaint itself lacks the factual support for those arguments. Morever, the trustee has already been given an opportunity to amend this complaint to sufficiently state a cause of action and has failed to do so.

III.

CTMD has also filed a motion for sanctions pursuant to Rule 9011. Initially, the Court notes that CTMD complied with the "safe harbor" requirements of that rule by sending a Formal Notice of Intent to Seek Sanctions to the attorney for trustee on May 15, 2013. There was no response to that letter within 21 days. On June 6, 2013, CTMD filed its motion to dismiss and motion for sanctions.

In the Sixth Circuit, the test for imposing sanctions under Fed. R. Bankr. P. 9011 is "whether the individual attorney's conduct was reasonable under the circumstances." *In re Triple S Restaurants, Inc.*, 519 F.3d 575, 579 (6th Cir. 2008).

CTMD asserts that Plaintiff's counsel did not act reasonably in four ways. First, he did not use the additional time granted by the Court to further investigate the trustee's claims. Second, he did not allege sufficient facts to substantiate piercing the corporate veil. Third, he did not respond to CTMD's "safe harbor" letter. Fourth, he did not file any affidavits, declarations, exhibits or other documents to support his claims.

5

The Court agrees that sanctions are appropriate in the present case. The trustee was given a second chance to file an appropriate complaint and failed to do so. The amended complaint only makes the barest legal argument for piercing the corporate veil and does not contain any factual allegations to support the alter ego claim. Additionally, the amended complaint does not rebut the affidavit from Robert Veldhuis, attached to CTMD's original motion to dismiss, which states that no transfer actually occurred. The complaint does not give actual dates of any transfers or any check numbers, but rather only states, "On information and belief, Defendant received $90,000 according to the terms of the consent judgment." Due to these failures, the Court finds that the amended complaint is a frivolous complaint and that the trustee's attorney did not act reasonably under the circumstances. Accordingly, CTMD's motion for sanctions is granted. CTMD is granted sanctions in the amount of $1,500 for attorney's fees and costs associated with the frivolous litigation.

## Conclusion

The trustee's amended complaint does not withstand the defendant's second Rule 12(b)(6) motion. The trustee's amended complaint only offers minimal legal conclusions with virtually no factual support. The trustee's brief offers a slight glimpse into her legal strategy, arguing that TTOD is an alter ego of the debtor. However, it does not provide any factual support for the argument. Moreover, the complaint fails to link the allegation that TTOD is the alter ego of the debtor to the assertion that the actual property transferred was property of the debtor. The complaint suggests that if TTOD is an alter ego, its property is also property of the estate, but the complaint makes no factual or legal argument to support this veiled proposition. Additionally, due to trustee's counsel's failure to respond to the safe harbor letter sent by CTMD and failure to address the factual deficiencies raised by CTMD in its original motion to dismiss, sanctions are awarded in the amount of $1,500.

6

Accordingly, the amended complaint is DISMISSED.

Not for publication

**Signed on July 16, 2013**

_____ **/s/ Steven Rhodes** _____

**Steven Rhodes**
**United States Bankruptcy Judge**
